UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Roger Chestnut, # 91758-071,  ) C/A No. 9:09-3158-RBH-BM
) 
) 
               Petitioner,     ) 
)
vs.                            ) **Report and Recommendation**
)
M. M. Mitchell,                )
)
)
               Respondent.     )

## *Background of this Case*

The petitioner is an inmate at FCI-Edgefield. He has brought suit pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence for being a felon[1] in possession of a firearm. His conviction and sentence were entered in the United States District Court for the District of South Carolina in Criminal No. 4:05-CR-1215-RBH-1. The record from that case shows that the petitioner pled guilty on October 3, 2006, and was sentenced on October 25, 2007 by the Honorable R. Bryan Harwell, United States District Judge, to two hundred twenty (220) months in prison. The formal

---

[1]In *United States v. Roger Joe Chestnut*, Criminal No. 4:95-CR00046-CMC-1, the petitioner entered a plea of guilty to a violation of 21 U.S.C. § 841(a)(1). On July 9, 1996, the Honorable Cameron McGowan Currie, United States District Judge, sentenced the petitioner to one hundred twenty (120) months and five years of supervised release. On January 28, 1997, the United States filed a motion to reduce sentence. On February 25, 1997, Judge Currie, pursuant to Rule 35(b), reduced the prison term to one hundred (100) months. Later, on May 27, 1999, Judge Currie reduced the sentence to ninety (90) months. After release from the Federal Bureau of Prisons, the petitioner violated his terms of supervised release. On October 16, 2002, Judge Currie sentenced the petitioner to nine (9) months in prison with no supervised release.



1

judgment was entered on October 29, 2007. No appeal was filed in Criminal No. 4:05-CR-1215-RBH-1.

In this petition, the petitioner raises one ground: After the decision of the Supreme Court of the United States in *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009) (holding that failure to stop for a blue light under South Carolina law is not *per se* a violent felony under the Armed Career Criminal Act), the conviction for failure to stop for a blue light is not violent.[2] Hence, according to the petitioner, the petitioner is "Actually Innocent of ACCA violation and Petitioner [*sic*] is illegal." Petitioner seeks a resentencing.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See*

---

[2] A copy of the arrest warrant for failure stop for blue light appears at Entry No. 1-1, at pages 1-2. The incident leading to the charge took place in 2003.

[3] *Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989)(insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



*Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the petition is subject to summary dismissal because the claims raised in the above-captioned case are not proper § 2241 grounds for relief. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 is only resorted to in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991); or unsuccessful attempts to overturn federal convictions, *San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002). However, since the petitioner is seeking relief from his conviction and sentence, the relief requested by the petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255, not § 2241. *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir.1994)["[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255."]; *see United States v. Morehead*, No. 97 CR 391, 2000 U.S.Dist. LEXIS 17611, 2000 WL 1788398 (N.D. Ill., Dec. 4, 2000):

> Notwithstanding Bennett captioning this pleading under Federal Rule of Criminal Procedure 12(b)(2), this court must construe it as a

3



motion attacking his sentence under 28 U.S.C. § 2255. Regardless of how a defendant captions a pleading, "any post-judgment motion in a criminal proceeding that fits the description of § 2255 ¶ 1 is a motion under § 2255...." *United States v. Evans*, 224 F.3d 670, 672 (7th Cir. 2000). In the pleading at bar, Bennett argues that the court did not have jurisdiction over his criminal case, which is one of the bases for relief under § 2255 ¶ 1. Therefore, this court must construe this motion as a § 2255 motion.

*United States v. Morehead.*

The United States Court of Appeals for the Seventh Circuit has reached a similar conclusion:

> Many decisions in this circuit hold that substance controls over the caption.
>
> > Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. See, e.g., *Ramunno v. United States,* 264 F.3d 723 (7th Cir.2001). Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls. See *Thurman v. Gramley,* 97 F.3d 185, 186-87 (7th Cir.1996).
>
> *Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004) (emphasis in original). Lloyd's motion advanced the kind of arguments and sought the kind of relief covered by § 2255 ¶ 1. It therefore was a collateral attack, and because we had not granted permission for its commencement the district court was obliged to dismiss it for lack of jurisdiction. Although a miscaptioned *initial* collateral attack does not count for purposes of § 2244(b) and § 2255 ¶ 8 unless the district judge alerts the prisoner that it will use up the one allowed as of right, see *Castro v. United States,* 540 U.S. 375, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003), all later collateral attacks must be seen for what they are. A captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro* 's warn-and-



allow-withdrawal approach does not apply. See *Melton,* 359 F.3d at 857.

*United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). *See also United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

Many federal prisoners, such as the petitioner, have erroneously attempted to overturn federal convictions by filing a Section 2241 action. *See, e.g., San-Miguel v. Dove*, 291 F.3d 257 (4th Cir. 2002) (upholding dismissal of Section 2241 action filed in the District of South Carolina challenging convictions and sentences entered in the United States District Court for the District of Puerto Rico). However, since the claims that the petitioner seeks to raise in the above-captioned case are cognizable, if at all, under 28 U.S.C. § 2255, the petitioner's available judicial remedy is to file a Section 2255 action in the United States District Court for the District of South Carolina. Since the petitioner has not previously filed a Section 2255 action, he will not be barred by the successive petition rule,[4] nor does the fact that a § 2255 action may be untimely render a § 2255 petition inadequate or ineffective. *Phillips v. Jeter*, Civil Action No. 4:04-CV-0846-Y, 2005 U.S.Dist. LEXIS 2939, 2005 WL 465160, *1-*2 (N.D. Tex., Feb. 25, 2005), *appeal dismissed*, *Phillips v. Jeter*, No. 05-10494, 193 Fed. Appx. 326, 2006 U.S. App. LEXIS 20154, 2006 WL 2006 WL 2254537 (5th Cir., August 7, 2006). *Cf. United States v. Winestock*; and *Rhodes v. Houston*, 258 F. Supp. 546 (D. Neb. 1966).

Moreover, although petitioner asserts that he is "actually innocent", he is actually complaining about a sentence enhancement, not the fact that he illegally possessed a firearm. Cognizable claims of "actual innocence" are extremely rare and must be based on "factual innocence

---

[4]Hence, in a separately-filed order, the undersigned is directing the Office of the Clerk of Court to send Section 2255 forms to the petitioner.

5



not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623 (1998). *See also Doe v. Menefee*, 391 F.3d 147 (2nd Cir. 2004). Prisoners, such as the petitioner, often assert actual innocence rather than, or in addition to, "inadequacy and ineffectiveness of remedy" in situations like the present, *i.e.,* where the time limitations for filing an initial § 2255 motion appear to have run without the filing of a motion or where they wish to raise additional issues that were not raised in direct appeals or in any § 2255 motions they did file. In such cases, there is some authority for the proposition that if the petitioner cannot establish cause and prejudice for his or her failure to raise the issues previously, he or she can still possibly obtain review of his or her additional constitutional claims by showing that his or her case "falls within a narrow class of cases implicating a fundamental miscarriage of justice. Proving 'actual innocence' is a way to demonstrate that one's case falls within that narrow class." *Cornell v. Nix*, 119 F.3d 1329, 1333 (8th Cir. 1997).

Petitioner's actual innocence claim does not fall within "that narrow class" and is facially inadequate to require consideration because the petitioner does not allege that there is any new, reliable evidence of any type that was not presented in any of his prior court proceedings which supports his innocence *of the criminal charge* on which he was convicted. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) (to present a credible claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial"); *Doe v. Menefee*, 391 F.3d at 161 (quoting *Schlup* for the evidentiary standard required for a court to consider an actual innocence claim). Rather, the petitioner's actual innocence claim is based on his assertion that the sentencing court improperly gave him an enhanced sentence by reliance on a South Carolina state conviction that was considered "violent" at the time of sentencing,



6

but that may be now considered "non-violent" because of the decision in *United States v. Roseboro*, 551 F.3d 226 (4th Cir. 2009).

Claims of "actual innocence" of an enhanced sentence have been recently considered by this court in two unpublished opinions, the texts of which are available on the LEXIS® and WESTLAW® services. *See, e.g.*, *Brown v. Rivera*, Civil Action No. 9:08-3177-PMD-BM, 2009 U.S. Dist. LEXIS 30655, 2009 WL 960212 (D.S.C., April 7, 2009); and *Chisholm v. Pettiford*, Civil Action No. 6:06-2032-PMD, 2006 U.S. Dist. LEXIS 66755, 2006 WL 2707320 (D.S.C., Sept. 18, 2006). This court in *Brown* and *Chisholm* has rejected the actual innocence claims of federal prisoners made in petitions filed pursuant to 28 U.S.C. § 2241, and relied, in part, on a prior case from this court, *Wyatt Davis v. United States*, Civil Action No. 8:05-2778-GRA, 2006 U.S. Dist. LEXIS 2989, 2006 WL 89505, at *6 (D.S.C., Jan. 12, 2006).[5] The *Davis* case relied, in part, on a case decided by the Fifth Circuit Court of Appeals in 2000: *Kinder v. Purdy*, 222 F.3d 209 (5th Cir. 2000).

As in *Kinder, Davis, Brown,* and *Chisholm*, nothing in this case presents more than an allegation of actual innocence of an enhanced sentence — ***not the actual innocence of the underlying criminal conviction***. Despite the petitioner's claims that he is actually innocent of the enhanced sentence he received due to new case law, there is no allegation of new evidence, unavailable at the time of conviction, which undermines the validity of the petitioner's criminal

---

[5]The WESTLAW service often combines the magistrate judge's Report and Recommendation with the Order of the United States District Judge adopting the Report and Recommendation. The LEXIS service tends to assign separate citations to them. The magistrate judge's Report and Recommendation in *Davis* is reported at *Davis v. United States*, 2005 U.S. Dist. LEXIS 39677 (D.S.C., Dec. 15, 2005).

7



conviction for possessing a firearm by a convicted felon.[6] *United States v. Poole*, 531 F.3d 263, 267 & n.7 (4th Cir. 2008).

*Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return. See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 U.S.Dist. LEXIS 4614, *2-*3, 1995 WL 150451 (N.D. Cal., March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

_____
December 21, 2009  Bristow Marchant
Charleston, South Carolina  United States Magistrate Judge

---

[6]In any event, *United States v. Roseboro* was a direct appeal, not a collateral proceeding, such as a Section 2241 or Section 2255 action.



**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

